IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON WILLIAMS, JR.,** )<br>**Inmate #B-78328,** )<br>　　　　　　　　　　　　　　　　)<br>　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　)<br>**vs.** )<br>　　　　　　　　　　　　　　　　)<br>**EUGENE WALKER, GUY PIERCE** )<br>**and M. R. PULLEY,** )<br>　　　　　　　　　　　　　　　　)<br>　　**Defendants.** ) | **CIVIL NO. 04-613-WDS** |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, currently an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## REHABILITATION ACT CLAIMS

Plaintiff first alleges that he is a "qualified individual with a disability" due to his visual impairment. He also claims that he suffers from a heart condition and high blood pressure, and he has constant pain in his back and legs. He asserts that he has been denied access to various programs at Lawrence due to their failure to accommodate his disabilities, in violation of the Rehabilitation Act. In particular, Plaintiff alleges the following violations: (1) he was denied access to the elevator, (2) he was denied access to the yard, (3) he was denied access to educational programs, (4) he was denied an escort or an assistant, (5) he was denied books on tape, and (6) he was denied use of a shower chair.

The Seventh Circuit has found that the Rehabilitation Act, 29 U.S.C. § 794, applies to prisons, following the Supreme Court's reasoning in *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998) (the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, applies to prisons). *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). Contrary to ADA claims, which must be pursued in state court, an individual plaintiff may pursue claims in federal court under the Rehabilitation Act. *Id.* at 344.

Based on his allegations, the Court is unable to dismiss his Rehabilitation Act claims at this point in the litigation.

**CONSTITUTIONAL CLAIMS**

Plaintiff makes several generalized allegations, including the following: (1) there is inadequate heat in his cell, (2) he has not been given sufficient blankets and clothing, (3) staff has harassed him, (4) he has been given inadequate time to eat, (5) he has not been allowed to go to the medication line when scheduled and, conversely, been forced to go the medication line when he was not due for medication, (6) he has been denied adequate medical care, (7) staff slams his cell door, (8) staff makes racial slurs, (9) staff have coughed in his face, (10) he has been denied access to the law library, (11) he has been locked in a cell while wearing handcuffs, (12) he has missed meals while being out at the medication line,(13) he has not been notified of call passes, and (14) he was denied access to the telephone.

These claims are overly generalized, and Plaintiff makes no allegations against any of the named defendants with regard to these particular claims. Therefore, each of these allegations fails to state a claim upon which relief may be granted, *see* FED.R.CIV.P. 12(b), and Plaintiff's various constitutional claims are dismissed from this action without prejudice.

**TORT CLAIMS**

Finally, Plaintiff alleges generally that the allegations in his complaint also constitute the tort of negligence under Illinois state law. To the extent that these tort claims relate to specific allegations regarding this Rehabilitation Act claims, the Court will exercise its supplemental jurisdiction over these claims as well. *See* 28 U.S.C. § 1367.

However, tort claim based on the constitutional claims listed above are equally too generalized and vague. Therefore, the Court declines to exercise supplemental jurisdiction over these claims, which are also dismissed from this action without prejudice.

**MOTION FOR APPOINTMENT OF COUNSEL (DOC. 3)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). However, under appropriate conditions "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court. . . ." *United States v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965), *cert. denied*, 382 U.S. 978 (1966).

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel.

Therefore, the Court finds that appointment of counsel is not warranted at this time, and Plaintiff's motion for appointment of counsel is **DENIED**.

**DISPOSITION**

**IT IS THEREFORE ORDERED** that Plaintiff's constitutional claims, and related state law tort claims, are **DISMISSED** from this action without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, PIERCE** and **PULLEY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, PIERCE** and **PULLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist

of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: July 13, 2005**

                                        **s/ WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**