IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MILTON WILLIAMS, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **04-613-WDS** |
| | ) | |
| **EUGENE WALKER, GUY PIERCE,** | ) | |
| **M.R. PULLEY, MAGGIE BRIAN,** | ) | |
| **MARTY FANNIN, ROSALINA** | ) | |
| **GONZALES, C/O HATTEN, HEALTH** | ) | |
| **PROFESSIONALS LIMITED, IDOC,** | ) | |
| and **LAWRENCE CORRECTIONAL** | ) | |
| **CENTER**, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT and RECOMMENDATION**

This Report and Recommendation is respectfully submitted to Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Motion to Dismiss. **(Doc. 47)**. The motion is filed by defendants Illinois Department of Corrections and Lawrence Correctional Center. Plaintiff has filed a response at **Doc. 71.**

**Nature of Plaintiff's Claims**

Plaintiff Milton Williams, Jr., is an inmate in the custody of the Illinois Department of Corrections. With leave, plaintiff filed an Amended Complaint, **Doc. 28**. The IDOC and Lawrence Correctional Center were named as defendants for the first time in the amended complaint. Plaintiff sued them for violation of the Rehabilitation Act of 1973, **29 U.S.C. §794**.

Plaintiff alleges that he is legally blind and has other health problems including a heart condition, high blood pressure, and back and leg pain. Plaintiff alleges that Lawrence Correctional Center and the IDOC have violated his rights under the Rehabilitation Act by

1

denying him access to programs and activities on account of his disability.  He alleges that he has been denied access to the gym, showers, chow line, school, and employment.  He alleges that Lawrence and the IDOC have instituted discriminatory policies and customs which have harmed him.  In paragraphs 8 and 9, he says he is seeking prospective injunctive relief as to these defendants.  On the last page of his amended complaint, however, he prays for actual and punitive damages against "each defendant."

## Basis for Motion to Dismiss

Defendants argue that they are entitled to be dismissed because plaintiff has been transferred from Lawrence Correctional Center, and prospective injunctive relief is not available.

## Standard for Determination under Rule 12(b)(6)

In deciding a motion to dismiss under **Fed.R.Civ. P. 12(b)(6)**, the Court must accept as true all the factual allegations made in the Complaint, and must give Plaintiff the benefit of all reasonable inferences to be drawn from those facts.  *Antonelli v. Sheahan*, **81 F.3d 1422, 1427 (7th Cir. 1996)**.  The motion should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)." *Id.*  And, of course, the Court is mindful that *pro se* pleadings must be liberally construed.  *Id.*, **and cases cited therein**.

The Court must view the facts in the light most favorable to the non-moving party.  The motion should not be granted unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,  **163 F.3d 449, 452 (7th Cir.1998).**

## Analysis

2

Lawrence Correctional Center argues that it should be dismissed because plaintiff's claim for injunctive relief is moot due to his transfer.  Plaintiff points out in his response that he seeks money damages as well as injunctive relief from all defendants.

"The Supreme Court has held that the ADA applies to prisons, see *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998), and its reasoning is equally applicable to the Rehabilitation Act." **Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000)**.  The Rehabilitation Act states that "No otherwise qualified individual with a disability in the United States ... shall , solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." **29 U.S.C. §794(a)**.  The Rehabilitation Act is "materially identical to and the model for the ADA [citation omitted] except that it is limited to programs that receive federal financial assistance." **Crawford v. Indiana Department of Corrections, 115 F.3d 481, 483 (7th Cir. 1997) (abrogated on other grounds, see, Erickson v. Board of Governors of State Colleges and Universities, 207 F.3d 945, 948-949 (7th Cir. 2000).**

A state's acceptance of federal funds is a waiver of Eleventh Amendment immunity. **Bruggeman ex rel. Bruggeman v. Blagojevich, 324 F.3d 906, 912 (7th Cir. 2003)**; **Stanley v. Litscher, 213 F.3d 340, 344 (7th Cir. 2000)** ("the Rehabilitation Act is enforceable in federal court against recipients of federal largess.")

The court agrees that the claim for injunctive relief against Lawrence is moot.  Plaintiff asserts that it is "highly probable" that he will be transferred back to Lawrence at some point.  He bases this assertion on the fact that he has been retransferred to both Pinckneyville and Dixon over the years.  However, he offers no basis upon which to believe that he is likely to be

3

retransferred to Lawrence, which is the institution in question.  In order to defeat the motion, Plaintiff must demonstrate that there is a reasonable likelihood that he will be retransferred to Lawrence.  **See,** ***Moore v. Thieret***,**862 F.2d 148, 150 (7th Cir. 1988).**  Mere speculation as to likelihood of retransfer is not sufficient.  ***Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).**

The motion advances no reason why the Department of Corrections should be dismissed.  Plaintiff is still in the custody of the IDOC, and his claim for injunctive relief against the Department is not moot.

In addition, the motion advances no reason why the claims for damages against these two defendants should be dismissed.

### Recommendation

This Court recommends that Defendants' Motion to Dismiss **(Doc. 47)** be **GRANTED in part and DENIED in part.**  The motion should be granted as to the claim against Lawrence Correctional Center for prospective injunctive relief only, and should be denied in all other respects.  If this recommendation is adopted the claims for damages will remain pending against both of the moving defendants, as well as the claim for injunctive relief against the IDOC.

Objections to this Report and Recommendation must be filed on or before March 15, 2006.

**Submitted: February 26, 2007.**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **UNITED STATES MAGISTRATE JUDGE**