IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MILTON WILLIAMS, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **04-613-WDS** |
| | ) | |
| **EUGENE WALKER, GUY PIERCE,** | ) | |
| **M.R. PULLEY, MAGGIE BRIAN,** | ) | |
| **MARTY FANNIN, ROSALINA** | ) | |
| **GONZALES, C/O HATTEN, HEALTH** | ) | |
| **PROFESSIONALS LIMITED, IDOC,** | ) | |
| and **LAWRENCE CORRECTIONAL** | ) | |
| **CENTER**, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendant Hatten's Motion for Summary Judgment with Supporting Brief.  **(Doc. 64)**.  Defendant served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).  **(Doc. 65)**.  Plaintiff has not responded.

After the time for filing a response had expired, plaintiff filed a motion to stay the time for responding until the completion of discovery.  **See, Doc. 72.**  The motion for summary judgment raises the issues of failure to exhaust administrative remedies and statute of limitations. It is difficult to imagine what discovery would be necessary or helpful in resolving those issues. The court has denied the motion to stay the time for response.

## Nature of Plaintiff's Claims

Plaintiff Milton Williams, Jr., is an inmate in the custody of the Illinois Department of Corrections.  With leave, plaintiff filed an Amended Complaint, **Doc. 28**.  Hatten was named as

1

a defendant for the first time in the amended complaint. Plaintiff sued Hatten for violation of the Rehabilitation Act of 1973, **29 U.S.C. §794**.

Plaintiff alleges that he is legally blind and has other health problems including a heart condition, high blood pressure, and back and leg pain. Plaintiff alleges that Hatten was a correctional officer at Lawrence Correctional Center, and that he was responsible for prisoner job assignments. **Doc. 28, ¶14.** Plaintiff claims that Hatten, along with others on the institutional assignment committee, denied plaintiff's request to work in the dietary department, rolling eating utensils in napkins, on the basis of his disability. **Doc. 28, ¶¶37-45.**

## Grounds for Motion

Defendant argues that he is entitled to summary judgment because plaintiff did not exhaust administrative remedies as to him, and because the statute of limitations had run before plaintiff sued him.

## Standard for Determination under Rule 56

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party. **See,** *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).** In

responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." ***Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. ***Clifton v. Schafer*, 969 F. 278, 281 (7th Cir. 1992).**

**The Exhaustion Requirement**

Plaintiffs' claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an

administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case.  **See 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.**   The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  ***Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed.  ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).**  Exhaustion requires that a prisoner "properly take each step within the administrative process."  ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.**  Pursuant to **20 ILADC §804.830(d)**, the grievance officer is to consider the grievance and make a written report to the warden.  The warden then provides written notification of his decision to the inmate "within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances."  The inmate has 30 days in which to appeal the warden's decision to the director of the IDOC.  **20 ILADC §804.850.**

Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  ***Pozo,* 286 F.3d at 1024.**

**<u>Analysis</u>**

The affidavit of Jackie D. Miller, Chairperson with the Office of Inmate Issues, is attached as an exhibit to the motion.  Ms. Miller states that she has reviewed the records of the Administrative Review Board regarding grievances filed by Milton Williams.  The records

reveal that Williams filed one grievance about discrimination in job assignments at Lawrence. That grievance was dated November 15, 2002. The grievance states that the dietary manager, whom he refers to as Marty Fannie, interviewed him for the job, but did not hire him. The grievance further states that, since his interview, Fannie has hired other people, and plaintiff feels like this is discrimination. A copy of the grievance is attached to the motion.

This grievance was not exhausted because it was not appealed to the ARB on time. The grievance shows on its face that it was denied at the institutional level on December 23, 2002. Plaintiff's attempted appeal was not received by the ARB until February 3, 2003, well beyond the 30 day time period for appealing. The appeal was rejected as untimely. **See, Miller Affidavit, ¶5.**

Defendant also argues that, even if the November 15, 2002, grievance had been exhausted, defendant would still be entitled to judgment. He points out that the grievance did not name or refer to defendant Alan Hatten in any way, and cites ***Strong v. David***, **297 F.3d 646 (7th Cir. 2002)** for the point that a grievance must comply with the prison system's requirements as to content. This argument is flawed because the regulation on the required content of grievances, **20 ILADC§504.810b**, was not amended to require that the grievance state facts and name names until May 1, 2003. The grievance filed by plaintiff was sufficient to alert the prison that plaintiff was complaining about perceived discrimination in job assignments, and it was sufficient under the regulation then in effect. However, it was not exhausted.

Hatten puts forth the alternative argument that plaintiff's claim is barred by the statute of limitations. This argument is also well taken. Hatten was named for the first time in the amended complaint. Plaintiff mailed his motion for leave to amend, along with his proposed amended complaint, on February 21, 2006. See, certificate of service attached to Doc. 21.

The amended complaint does not specify when Hatten allegedly discriminated against plaintiff. However, plaintiff was assigned to Lawrence only during the period of June 12, 2002, to February 11, 2004. **See, Affidavit of John Bilby, attached to Doc. 64.** Thus, the latest date on which Hatten could have discriminated against plaintiff was February 11, 2004. The two-year Illinois statute of limitations for personal injury actions applies to actions under the Rehabilitation Act. *Cheeney v. Highland Community College,* **15 F.3d 79, 81 (7th Cir. 1994).**

Plaintiff first tendered his amended complaint to the court more than two years after he was transferred out of Lawrence Correctional Center. Therefore, his claim against Hatten is barred by the statute of limitations.

### Recommendation

This Court recommends that Defendant Hatten's Motion for Summary Judgment **(Doc. 64)** be **GRANTED**. Judgment should be entered in favor of defendant Alan Hatten. Objections to this Report and Recommendation must be filed on or before March 15, 2006.

**Submitted: February 26, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**