IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MILTON WILLIAMS, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **04-613-WDS** |
| | ) | |
| **EUGENE WALKER, GUY PIERCE,** | ) | |
| **M.R. PULLEY, MAGGIE BRIAN,** | ) | |
| **MARTY FANNIN, ROSALINA** | ) | |
| **GONZALES, C/O HATTEN, HEALTH** | ) | |
| **PROFESSIONALS LIMITED, IDOC,** | ) | |
| **and LAWRENCE CORRECTIONAL** | ) | |
| **CENTER**, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Reconsideration of the Denial of his Motion for Appointment of Counsel.  **(Doc. 54)**.

Judge Stiehl denied plaintiff's first motion for appointment of counsel because plaintiff had not made a sufficient showing that he had attempted to retain counsel on his own.  **See, Doc. 7.**  The undersigned denied his second motion because, after undertaking the analysis endorsed by the Seventh Circuit in ***Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)** and ***Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)**, this court concluded plaintiff is competent to handle his case by himself.

As grounds for his motion for reconsideration, plaintiff again states that he is "legally blind."  The record does not establish how much sight he has, but he can evidently see to some extent.  The file contains hand-written letters from plaintiff, so he can apparently read and write.

1

He stated in his second motion, **Doc. 41**, that he has a high school education, which is more education that many pro se inmates have.

The Seventh Circuit has aptly noted that judges do not technically "appoint" counsel in civil cases. Rather, judges may recruit private attorneys to represent litigants in certain cases. ***Pruitt v. Mote*, 472 F.3d 484, 485 (7th Cir. 2006)**. It is well established that there is no per se rule requiring the appointment of counsel. Instead, the judge makes a "a case-by-case assessment of the trial's difficulty and the plaintiff's ability to cope." ***Id.*, at 487.**

Plaintiff's performance to date demonstrates that he is able to present his positions to the court . At this stage of the proceedings, the court does not perceive a need for counsel.

For the foregoing reasons, plaintiff's Motion for Reconsideration of the Denial of his Motion for Appointment of Counsel **(Doc. 54)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: February 27, 2007.**

                 s/ Clifford J. Proud
                 **CLIFFORD J. PROUD**
                 **UNITED STATES MAGISTRATE JUDGE**