IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON WILLIAMS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 04-CV-613-WDS |
| ) | |
| **EUGENE WALKER, GUY PIERCE,** ) | |
| **M.R. PULLEY, MAGGIE BRIAN,** ) | |
| **MARTY FANNIN, ROSALINA** ) | |
| **GONZALES, C/O HATTEN, HEALTH** ) | |
| **PROFESSIONALS LIMITED, IDOC,** ) | |
| **and LAWRENCE CORRECTIONAL** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court for docket control. On September 4, 2007, the Court directed the plaintiff to provide the Court with information about his prison trust account in order to allow the Court to assess his partial filing fee on appeal, or to show cause why his motion should not be denied. Fed. R. Civ. P. 41(b). To date, the plaintiff has not filed the information relating to his prison trust account or otherwise filed any pleadings relating to this motion.

However, the plaintiff did attach a Trust Fund statement to his pleading at Doc. 111, which the Court can consider to determine his in forma pauper status.[1]

Upon review of the record, the Court **FINDS** plaintiff's pauper status to be persuasive and **GRANTS** his motion to proceed on appeal in forma pauperis (Doc. 107).

Also before the Court is plaintiff's motion to reconsider (Doc. 120). In this motion the plaintiff asserts that because he is blind and handicapped, he should have had counsel appointed to represent him. It is well settled that there is no Constitutional or statutory right to appointment

---

[1] This trust fund statement includes his account balances through May 2007, when the motion was filed. Despite the existence of this attachment, plaintiff also filed motions at Docs. 112 and 113 seeking to have the Court direct the Pinckneyville Jail to provide a copy of his Trust Fund account. The Court previously denied as moot Docs. 112 and 113 (Doc. 115).

of counsel in a civil case. *Stroe v. Immigration and Naturalizational Serv.,* 256 F.3d 498, 500 (7th Cir. 2001). The magistrate reviewed the standard factors and determined that the plaintiff's case was not one that would require appointment of counsel at this juncture. Although the plaintiff has some medical conditions that may make trial difficult he has, up to this point, demonstrated an ability to manage his case without assistance of counsel. Therefore, that part of plaintiff's motion for reconsideration is **DENIED**.

Plaintiff also asserts that he has had problems, identified only as "worse" than those at Lawrence, while housed at Pinckneyville. This simply does not establish a claim, therefore, plaintiff's motion to reconsider on this ground is **DENIED**. Therefore, the motion to reconsider is **DENIED** on all grounds.

Also before the Court is a motion for leave to withdraw as attorney for defendants Rosalina Gonzales and Health Professionals, Ltd. (Doc. 122). Upon review of the record, and in light of the fact that new counsel has entered his appearance on behalf of these defendants, the Court **GRANTS** the motion for leave to withdraw.

IT IS SO ORDERED.

DATED: October 26, 2007.

s/ WILLIAM D. STIEHL
DISTRICT JUDGE